DESSA GERHART, Appellee, v. FRANK SCHLAMPP COMPANY, Appellant.

**DETINUE: Possession.** Principle reaffirmed that a plaintiff in detinue must show by a preponderance of testimony that defendant had the property in question in his possession at the commencement of the action.

**DETINUE: Amendment Increasing Value.** Plaintiff in detinue may amend his petition by alleging a greater value of the property in controversy.

**EVIDENCE: Value by Comparison.** An expert, testifying to the value of an article which cannot be produced in evidence, may be permitted to compare the missing article with one of a like kind which is produced, and to then give the value of each.

*Appeal from Des Moines Municipal Court.*—T. L. SELLERS, Judge.

JANUARY 19, 1921.

ACTION in detinue for the possession of a ring, or its value. Judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*Chester J. Eller,* for appellant.

*C. C. Putnam,* for appellee.

ARTHUR, J.—On September 17, 1918, plaintiff, through one Burch, delivered to defendant a diamond ring in a Belcher setting with instructions to change the setting and build it up into

a Tiffany setting. Plaintiff claims that, on September 19, 1918, Burch, acting for her, went to defendant's store after the ring, and that the defendant delivered to him an entirely different ring and diamond from the ring and diamond left with the defendant on September 17, 1918. The defendant claims that the ring given back to plaintiff's agent, Burch, was the one originally left with it. Plaintiff proffered back the ring delivered to Burch, her agent, and demanded the ring originally delivered by her, through Burch, to the defendant for resetting. This action was brought to recover possession of the ring originally delivered to defendant for resetting. This is an action in detinue, and was tried as such.

1. DETINUE: possession.

In her petition, plaintiff claimed the value of the ring to be $150, and afterwards amended her petition, claiming the value to be $235. The jury returned a verdict finding plaintiff entitled to the possession of the ring, and fixed its value at $235, and judgment was entered accordingly.

The major issue on the trial was whether or not the defendant had possession, at the time of the commencement of this suit, on October 5, 1918, of the ring delivered to it by plaintiff, through Burch, on September 17, 1918. The question of whether or not the defendant had possession of the ring at the time of the commencement of this action turns upon whether the defendant, after resetting the ring originally delivered to it, turned back,— redelivered,—to the plaintiff the identical ring which had been left with it for resetting on September 17, 1918. Plaintiff claims,

and offered testimony tending to show, that the ring which was reset and returned to her was a different ring and stone from the one she delivered to defendant for resetting; and was not her ring. Defendant claimed and offered testimony tending to show that the ring reset and returned to plaintiff was the identical ring and stone which had been delivered to it on September 17, 1918, for resetting. Thus it will be observed that, if the ring which was reset and returned to plaintiff was the identical ring which she had left with the defendant for resetting, this plaintiff's ring, of which she seeks to recover possession, was not in the possession of the defendant at the commencement of this suit; for the only claim made by defendant of not having possession of the ring at the time of the commencement of this suit is that it had reset the ring and delivered it back to the plaintiff. It was upon this theory that the trial court submitted to the jury the question of possession. Such question was submitted under proper instructions. The question of whether defendant had possession of the ring originally delivered to it was a question of fact for the jury to determine, and there was sufficient evidence to warrant the submission of the question.

It would serve no important purpose to set out the testimony here. We have carefully examined the testimony. From the very nature of the controversy, there was conflict in the testimony. In fact, the testimony was diametrically opposite, plaintiff claiming positively that the ring returned to her was not the ring she had left with the defendant, and the defendant, through its witnesses, claiming that the ring returned to the plaintiff was the identical ring she had left with it for resetting.

There can be no question about the law applicable to this question: that is that, to maintain this action in detinue, the plaintiff must show, by a preponderance of the evidence, that the defendant had possession of the original ring delivered to it, at the time of the commencement of this action. The assignments of error directed to the submission of this question on the evidence and by the instructions are not well taken.

Defendant assigns as error the permitting plaintiff to amend her petition and change the value of the ring from $150 to $235. Whether an amendment should be allowed, alleging a value of the ring greater than in the original petition in a replevin ac-

tion proper, is not involved in this case. This is an action in detinue, and no bond was given, and no immedi-

2. DETINUE: amendment increasing value.

ate possession taken. It was not error to allow the amendment to the petition increasing the value. *McDonald v. Chicago & N. W. R. Co.*, 26 Iowa 124.

Defendant assigns as error the admission of testimony offered by plaintiff on the question of the value of the ring, and the submission of the question of value to the jury over objections; and claims that there was no foundation

3. EVIDENCE: value by comparison.

for such testimony, because there was not sufficient testimony to take to the jury the question of possession of the ring by the defendant.

Defendant assigns as error the admission of the testimony of one V. D. Clouse, witness for plaintiff, as to the value of plaintiff's ring. Clouse claimed to have seen and examined the ring during the summer of 1918. Clouse was a salesman of jewelry, and had handled diamonds. He testified to seeing plaintiff's ring three or four times. By way of comparison, he was shown another ring, which he testified to as being, in size and color, more like plaintiff's ring that he had seen than the ring which the defendant claimed was the plaintiff's ring, and witness was allowed to make comparison of values of the rings. He placed the value of the ring that was given him to make comparison at $250. He testified that plaintiff's ring which he had seen and examined was worth $235. He placed the value of plaintiff's ring below that of the ring that he was given to compare it with, because of a flaw in the plaintiff's ring which he described as "a small carbon spot." We think defendant's assignment against permitting the witness to compare a ring handed him, and to state its value in comparison with plaintiff's ring, which he claimed to have seen and examined, is without merit. Such mode of fixing value of articles which are not and cannot be produced in evidence has been approved by this and other courts. *Westphalen v. Atlantic N. & S. R. Co.*, 152 Iowa 232. Clouse, as an expert, was allowed to testify that the ring handed him for comparison "was just about the size of plaintiff's diamond." The court admitted the evidence for no other purpose than to show that such ring, handed him as an exhibit, was a similar ring to the one that plaintiff claims she

lost, and for the purpose of aiding the jury in arriving at the value of the ring in controversy.

In the case of *Cuebas v. Klein*, 61 N. Y. Supp. 923, the court held that, in establishing the value of a lost watch, a watch of similar design was admissible in evidence, to show value by comparison.

We have examined all of the assignments of error as to rulings on admission of testimony, and to instructions of the court, and we find no error.   The judgment of the court below is— *Affirmed.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.